Vincent J. BRUNO, etc., et al., Plaintiffs-Appellants,

v.

Marcel GARSAUD, Jr., Chairman, et al., Defendants-Appellees.

No. 77–1931.

United States Court of Appeals, Fifth Circuit.

May 14, 1979.

Clyde P. Martin, Jr., New Orleans, La., for plaintiffs-appellants.

Ralph D. Dwyer, Jr., New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and DYER, Circuit Judge, and CAMPBELL,* District Judge.

WILLIAM J. CAMPBELL, District Judge:

Plaintiff-appellant Bruno instituted this action in the district court under 42 U.S.C. § 1983 seeking to enjoin the Civil Service Commission of the City of New Orleans from conducting an investigatory hearing into charges that he had violated the prohibitions against engaging in political activity set forth in Art. 10, § 9 of the Louisiana Constitution of 1974,[1] and in L.S.A.–R.S. 33:2429(B).[2] Bruno also sought a declaratory judgment that the same constitutional and statutory provisions were unconstitutional both on their face and as applied to him. The district court denied Bruno's application for a temporary restraining order, and shortly thereafter entered summary judgment in favor of defendants.[3] We affirm.

The sparse record in this case reveals very little with respect to what occurred at

---

* District Judge of the Northern District of Illinois, sitting by designation.

1. In pertinent part, Art. 10, § 9 provides:
Section 9. (A) *Party Membership; Elections.* No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; . . . make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
(B) *Contributions.* No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
(C) *Political Activity Defined.* As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a partic-

ular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.

2. L.S.A.–R.S. 33:2429(B) provides:
No employee in the classified service, and no member of the commission shall, directly or indirectly, pay or promise to pay any assessment, subscription, or contribution for any political organization or purpose, or solicit or take any part in soliciting any such assessment, subscription, or contribution. No person shall solicit any such assessment, subscription or contribution of any employee in the classified service.

3. The complaint also asserted that Art. 10, § 10(B) of the 1974 Louisiana Constitution and L.S.A.–R.S. 33:2429(D), both of which empower the Civil Service Commission to investigate violations of the prohibitions against engaging in political activities, were unconstitutional. No issue is raised in this appeal pertaining to the authority of defendants to conduct such investigations.

the hearing before the Civil Service Commission on February 15, 1977. We have been advised by counsel that the Commission received evidence that Bruno, a police officer in the classified service of the City of New Orleans, sponsored a post-election banquet honoring New Orleans city councilman DiRosa, and that Bruno, as President of the Policemen's Association of New Orleans, signed two checks, one payable to DiRosa, and the other payable to another political candidate.

■ We have no doubt that appellant's conduct falls clearly within the ambit of political activities proscribed by Art. 10, § 9 of the Louisiana Constitution and L.S.A.–R.S. 33:2429(B). Further, Bruno has not demonstrated to us how the prohibitions against classified employees engaging in political activities have deprived *him* of any federally protected rights. *See Civil Service Commission v. Letter Carriers*, 1973, 413 U.S. 548, 556, 567, 93 S.Ct. 2880, 37 L.Ed.2d 796. We therefore reject the contention that Art. 10, § 9 and L.S.A.–R.S. 33:2429(B) were applied unconstitutionally in this case by the Civil Service Commission.

■ We similarly find no merit to appellant's contention that the prohibitions are facially unconstitutional on grounds of vagueness or overbreadth. In the context of the record in this case we find that the pertinent parts of Art. 10, § 9 and of L.S.A.–R.S. 33:2429(B) adequately describe the conduct which they forbid. We also find, again on the basis of the record before us, that those provisions are not unconstitutionally overbroad. We reach this conclusion despite our strong doubts that L.S.A.–R.S. 33:2429(B) could constitutionally be enforced to prohibit Louisiana classified employees, at least when acting as private citizens without any fanfare or publicity, from making contributions to a political candidate or party. *Cf. Buckley v. Valeo*, 1976, 424 U.S. 1, 12–38, 96 S.Ct. 612, 46 L.Ed.2d 659. Insofar as the statute does purport to proscribe altogether this constitutionally protected conduct, it sweeps too broadly. Notwithstanding this infirmity, however, the statute, "judged in relation to

[its] plainly legitimate sweep," is not substantially overbroad within the meaning of *Broadrick v. Oklahoma*, 1973, 413 U.S. 601, 609–16, 93 S.Ct. 2908, 37 L.Ed.2d 830, and *Parker v. Levy*, 1974, 417 U.S. 733, 760, 94 S.Ct. 2547, 41 L.Ed.2d 439. In light of both the importance of the state interests underlying the statute and the numerous situations to which it might be validly applied, this is not an appropriate case for invalidating a state statute in its entirety at the behest of one whose conduct the statute constitutionally proscribes because the statute might unconstitutionally be applied to others. "[W]hatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick v. Oklahoma*, 413 U.S. at 615–16, 93 S.Ct. at 2918.

AFFIRMED.