388 So.2d 768 (1980)
Louise C. SANDERS
v.
DEPARTMENT OF HEALTH & HUMAN RESOURCES, East Louisiana State Hospital, two cases.
Nos. 67130, 67177.
Supreme Court of Louisiana.
September 3, 1980.
*769 R. Gray Sexton and Laura Denson Holmes, Baton Rouge, for applicant-intervenor, Director of the Department of State Civil Service in No. 67177 and for respondent in No. 67130.
Otha Curtis Nelson, Sr., Lake Charles, for Dept. of Health & Human Resources, applicant in No. 67130 and respondent in No. 67177.
Mary E. Howell, Howell, Kellogg & Bayer, New Orleans, for respondent in Nos. 67130 and 67177.
MARCUS, Justice.
Louise C. Sanders was removed from her position as Cook I (permanent status) at East Louisiana State Hospital for attempted theft of food from the hospital kitchen. Ms. Sanders was furnished a written statement giving detailed reasons for such action as well as notice of her right to appeal to the Civil Service Commission. She filed an appeal with the Commission. At the hearing before the Commission, the parties stipulated that Mr. Sanders had improperly possessed a "flat of eggs" (30 eggs) belonging to the hospital. Therefore, the question of whether there was just cause for her termination was not at issue. The only issues presented were the excessiveness of her punishment and whether the imposition of the punishment was discriminatory. After the hearing, the Commission denied the appeal, finding that the appointing authority (East Louisiana State Hospital) had not abused its discretion in removing Ms. Sanders and that there was no discriminatory application of discipline among employees at the hospital.
Ms. Sanders appealed to the court of appeal.[1] Several months after the appeal was filed but prior to submission of the case for decision, Ms. Sanders filed a peremptory exception in the court of appeal alleging for the first time that she had been improperly removed because the appointing authority had failed to comply with Civil Service Rule 12.3(a)(3) which provides:
The appointing authority shall furnish the director a copy of such statement within fifteen calendar days of the date the employee is notified.
The court of appeal considered the exception pursuant to La.Code Civ.P. art. 2163. The court of appeal reversed the decision of the Commission because the appointing authority had failed to comply with Civil Service Rule 12.3(a)(3) which required the hospital to furnish the Director a copy of the written letter of termination within fifteen days of notification of the employee.[2] The *770 court noted that, although the application of the rule was "hypertechnical" and Ms. Sanders had shown no prejudice resulting from its violation, it was unable to uphold the termination in view of this court's decision in Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343 (1954). Accordingly, the court of appeal did not reach the merits of the appeal.[3]
After the judgment was rendered, the court of appeal granted the motion of the Director to intervene pursuant to La. R.S. 13:3417. Thereafter, the appointing authority and the Director made separate applications to this court to review the decision of the court of appeal declaring the removal invalid. We granted both applications.[4]
East Louisiana State Hospital contends that the issue of its compliance with Rule 12.3(a)(3) should have been raised before the Commission, alleging that, if evidence had been adduced on that point, it would have attempted to prove that the notification was in fact in the office of the Director prior to December 5, 1978, but that it was not stamped until that date. The Director contends that Boucher is either distinguishable from the facts of this case or should be overruled. On the other hand, Ms. Sanders alleges that Rule 12.3(a)(3) is mandatory, not directory, and that violation of the rule by the appointing authority renders her termination invalid. We do not agree. Moreover, our disposition of the latter issue renders the contention raised by the hospital of no moment.
In Boucher, we held the termination of three employees invalid because they had been removed without prior advance written notice to the Director as required by the rule in effect at that time.[5]
Civil service rules have the effect of law, La.Const. art. 10, § 10(A)(4), and are construed according to the rules of interpretation relative to legislation in general. Statutes may be classified generally as either mandatory or directory. If mandatory, they prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done, whereas, if directory, their terms are limited to what is required to be done. Generally, statutory provisions that do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory, while provisions which relate to the essence of the thing to be done, that is, matters of substance, are mandatory. Black's Law Dictionary 414 (5th ed. 1979).
Rule 12.3(a)(3) is phrased in the imperative, a consideration which is significant though not controlling. See Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). Whether procedural requirements such as those set forth in the rule are mandatory cannot be determined by a mere literal reading of the law but can only be determined by ascertaining the intent of the drafters. If a requirement is so essential to the statutory plan that the legislative intent would be frustrated by non-compliance, then it is mandatory. United States v. St. Regis Paper Company, 355 F.2d 688 (2d Cir. 1966). Statutes that, for guidance of a governmental official's discharge of duties, propose to secure order, system and dispatch in proceedings are usually construed as directory, whether or not worded in the imperative, especially when the alternative is harshness or absurdity. *771 Ralpho v. Bell, 569 F.2d 607 (D.C. Cir. 1977). The word "shall" may be given merely directory meaning in cases involving prospective action of government officials if the law's purpose is the protection of the government by guidance of its officials rather than the granting of rights to private citizens affected. Triangle Candy Co. v. United States, 144 F.2d 195 (9th Cir. 1944). A significant consideration in determining whether a statutory requirement should be given mandatory or directory effect is a comparison of the results to which each such construction would lead. Holbrook v. United States, 284 F.2d 747 (9th Cir. 1960).
The provisions of the state constitution involving the Civil Service, La.Const. art. 10, § 1, et seq., and the rules of the Commission are designed to secure adequate protection to public career employees from political discrimination. They embrace the merit system, and their intent is to preclude favoritism. The purpose of the civil service rules is to guarantee the security and welfare of public service. Louisiana Civil Service League v. Forbes, 258 La. 390, 246 So.2d 800 (1971).
The Civil Service Rules make no provision for the result that would follow in the event of failure to comply with Rule 12.3(a)(3).[6] However, La.Const. art. 10, § 10(A)(4) provides that each commission may impose penalties for violation of its rules by demotion in or suspension or discharge from position, with attendant loss of pay.
We do not consider that failure to comply with Rule 12.3(a)(3) would defeat the purpose of the civil service laws. The requirement that the Director be furnished with notice of the disciplinary action within fifteen days of the date the employee is notified is not essential to the employee's appeal because the Director no longer performs a substantive function in disciplinary appeals. Rule 15.10(c) provides that certain specified personnel actions (removal, suspension, demotion, reduction in pay, reassignment or reprimand for cause) may not be rescinded or modified without the approval of the Commission. Thus, only the Commission itself, not the Director acting individually, may modify disciplinary action. At the time Boucher was decided, however, the Director did perform a substantive function with respect to disciplinary actions. Rule XII, section 2 as then written provided:
... The Director shall require the employee who desires to appeal to answer specifically and in writing the charges made against him by his appointing authority and may make such investigation of the facts as he may deem proper. In instances where the facts seem to warrant it, the Director, in the case of any regular employee removed, reduced in pay, laid off, demoted or suspended for a period exceeding 30 days by action of any appointing authority, may authorize the transfer of the employee concerned to a similar position under another appointing authority with the consent of such authority, and shall also accord such employee the right to have his name placed on all appropriate eligible lists. Upon written request of an employee and with the approval of the Director, such employee may be demoted without compliance with the requirements of this section.
Accordingly, under the rule as it presently exists, we are unable to see how an employee could suffer any prejudice resulting from the failure of the appointing authority to furnish the Director a copy of the notification of disciplinary action within fifteen days of the date the employee is notified. Nor has Ms. Sanders shown any prejudice in the instance case, particularly where the Director was in fact notified of her appeal only three days late (assuming the correctness *772 of this fact), where the hearing was not held until some five months after the notice was received and where she did not file her peremptory exception based on the violation until more than eleven months after her termination.
In view of the foregoing, we conclude that Rule 12.3(a)(3) is merely directory and that the disciplinary action taken should not be invalidated. To the extent that Boucher is to the contrary, it is overruled. We express no opinion on the classification of civil service rules other than 12.3(a)(3) as either mandatory or directory; each rule must be classified separately after consideration of its importance to the civil service scheme and of the prejudice, if any, suffered by an employee as a consequence of the rule's violation.
Notwithstanding the obvious necessity for public officials to comply strictly with all provisions of law they are responsible to administer, we conclude that in the instant case the removal of Ms. Sanders from her position is not invalidated by the violation of Rule 12.3(a)(3).
As the court of appeal reversed the decision of the Commission affirming the termination, based upon its finding as aforesaid, it did not address the merits of the appeal. We therefore consider it more appropriate to remand the case to that court for it to determine and decide those issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
WATSON, J., concurs noting that the penalty seems extreme under the circumstances.
NOTES
[1] La.Const. art. 10, § 12.
[2] The record reflects the letter of termination dated November 16, 1978, was received by Ms. Sanders the following day. Pursuant to Rule 12.3(a)(3), the Director was to receive a copy of that letter by December 2, 1978, a Saturday. The copy in the record is stamped "Received Dec. 5, 1978, Department of State Civil Service," or three days after the deadline specified in the rule.
[3] 383 So.2d 1053 (La.App. 4th Cir. 1980).
[4] The applications of East Louisiana State Hospital, 384 So.2d 985 (La.1980), and the Director of the Department of State Civil Service, 384 So.2d 986 (La.1980), were consolidated for argument before this court.
[5] Rule XII, section 2 of the State Civil Service Commission Rules provided in pertinent part: "... the appointing authority or his authorized agent shall furnish the employee and the Director in advance of such action a statement in writing giving explicit and detailed reasons therefore and ...."
[6] Proposed Rule 12.8(a), presently before the Commission, would increase the time within which the appointing authority may notify the Director of disciplinary action from fifteen days to thirty days from the effective date of the action. Proposed Rule 12.8(c) provides that failure to comply with the rule requiring such notice to the Director "shall not render the disciplinary action or separation ineffective."