COLE, Judge.
The issue in this civil service case is whether or not an employee’s dismissal is invalidated by the failure of the appointing authority’s agent to comply strictly and literally with rule 12.3(a)(1) which requires the employee be given written notice of the termination at the time of or prior to such action.
The employee, Ms. Audrey Caulfield, was employed as a Custodial Worker III at Sidney N. Collier Memorial Vocational-Technical School. Because Ms. Caulfield required surgery she requested leave without pay in August of 1981. (She had exhausted all annual and sick leave.) On August 13, 1981, the new director of the school, Mr. Levi Lewis, called Ms. Caulfield and told her it was necessary for her to return to work. Ms. Caulfield informed him of her pending surgery and said she would send *55 her daughter, Sheila Coleman, to work in her place. Mr. Lewis agreed Ms. Coleman could “hold” the position for Ms. Caulfield until the latter could return to work.
After the surgery was performed Ms. Caulfield phoned Mr. Lewis and informed him her daughter was needed at home and therefore would not be able to continue to work at the school. Mr. Lewis told her under those circumstances he would have to hire someone to replace her on a permanent basis.
On August 26, 1981 Mr. Lewis wrote Ms. Caulfield a letter stating she was terminated effective that day at 3:00 P.M. The reason for the termination was she had exhausted all leave and her current illness prevented her from performing her job duties. [See rule 12.10(a).[1]] Ms. Caulfield received the letter on or about August 28. She appealed timely her termination, stating that the basis for her appeal was “... that charge contained in this letter is not true.” The Commission noted on its own Ms. Caulfield had not received notice in the manner set forth by rule 12.3(a)(1).[2] It held a hearing limited to the issue of notice and ruled because the rule had not been followed, the termination was invalid. Ms. Caulfield was ordered reinstated and was granted approximately two years of back pay plus credit for the annual and sick leave she would have accumulated. The appointing authority, The Board of Elementary and Secondary Education (BESE), appealed.
We note here we are not concerned with the merits of the case but only with the Commission’s decision to invalidate the action due to the late notice.
In its written opinion, the Commission stated “... a disciplinary removal taken without prospective notice to the employee is void ab initio” and cited Louviere v. Pontchartrain Levee District, 199 So.2d 392 (La.App. 1st Cir.1967). In Louviere, the appointing authority violated rule 12.-2(a)[3] by failing to notify the employee of his suspension until after its effective date. The court stated the rules of the Commission, which have the effect of laws, must be strictly obeyed or else the disciplinary action is totally ineffective.
We agree with the opinion of the Commission. The employee in Louviere received a letter dated September 21, 1965 informing him that his suspension had become effective on September 15, 1965. This was in direct contradiction to rule 12.2(a) which stated the employee “shall” be notified on or before the effective date of the suspension.
*56 The employee in the present case received a letter of termination sometime after August 26, 1981 informing her that her position had been terminated as of August 26. This action was in direct violation of rule 12.3(a)l which states the appointing authority or its agent (in this case the director of the school) “shall” give a written statement to the employee at the time such action is taken or prior thereto.
Appellant argues the Louviere decision is no longer valid in that it was based upon Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343 (1954), which has since been overruled by Sanders v. Dept. of Health & Human Resources, 388 So.2d 768 (La.1980).
Boucher and Sanders both involved a violation of the rule which required the appointing authority to notify the Director (as well as the employee) of the disciplinary action taken.[4] The Boucher court held that failure to do so invalidated the action. In Sanders the court reconsidered the matter and reached the opposite result, holding that although the rule was phrased in imperative language (i.e., using the word “shall”), the rule was directive rather than mandatory.
The Sanders court stated the purpose of the civil service rules was to avoid political discrimination, to preclude favoritism, and to guarantee the security and welfare of public service. The court concluded the failure to notify the Director within the specified time period did not thwart the purpose of the rules. To the extent that Boucher was to the contrary, it was overruled.
The Sanders court specifically stated it was expressing no opinion as to the classification of any rules other than 12.3(a)(3). The court warned that “... each rule must be classified separately after consideration of its importance to the civil service scheme and of the prejudice, if any, suffered by an employee as a consequence of the rule’s violation.” 388 So.2d 772.
In contrast to the rule involved in Sanders, which did not directly affect the employee, the rule here is of utmost importance to the civil service scheme. The general purposes of the rules, as mentioned above, simply cannot be carried out without compliance with the rule requiring prior or concurrent written notice to the employee of the employee’s termination. Basic concepts of fairness and due process mandate that civil servants, in order to be secure in their positions, be given this notice, thus avoiding the retroactive termination of employment.
In considering the prejudice aspect, the Sanders court addressed the individual employee’s prejudice as well as the possibility of prejudice in general. In the present case we need not determine whether or not the employee was actually prejudiced by the violation of the notice requirement; the possibility of prejudice within the system is significant enough to convince us the rule must be strictly followed. An employee who finds out he was earlier suspended or terminated stands to suffer economic detriment and loss of job market time. Even more significant, when the rule of prospective notice is violated the employee will undoubtedly experience much emotional trauma by learning that the action had already been taken without the employee’s knowledge. In short, when a civil servant retires for the night, he should rest assured his position is secure. If courts tolerate violations of this important rule the result will be on any given day a civil employee might receive a letter containing the distressing news that the job he thought he held is no longer his and in fact had not been his for several days or weeks. The essence of prejudice is the fact of being fired. Unlike the failure to furnish the *57 Director a copy of the written reasons for dismissal, or the failure of the appointing authority to certify to the Director the interests of the service require the duties of the position be carried on without further interruption, a termination is the ultimate finality — the other matters are residuals thereof. See, Broussard v. Department of Corrections, etc., 405 So.2d 1219 (La.App. 1st Cir.1981).
In conclusion, we consider Louviere to be good law. The apparent overruling of Boucher by Sanders does not affect the validity of Louviere, because of the very different nature of the rules involved. Recognizing the difference in the cases, we accept the rationale of Sanders, and applying it to the facts of this case determine the Commission acted properly in invalidating the dismissal action. Also see, Department of Health, Etc. v. Perry, 423 So.2d 1266 (La.App. 1st Cir.1982).
For these reasons, the opinion of the Commission is affirmed. Appellant is to pay costs of this appeal of $50.00.
AFFIRMED.

. Rule 12.10 Special Provision for Separation of Sick or Disabled Employee.
(a) An employee absent from duty because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave, may be removed by the appointing authority upon certification to the Director by such appointing authority that the interests of the service require that the duties of the position be carried on without further interruption. Such removal shall not disqualify the former employee for noncompetitive reemployment as provided in Rule 8.18.

. Rule 12.3 Procedure in Removals, Demotions and Reductions in Pay of Permanent Employees.
(a) In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.

.Rule 12.2 Suspensions.
(a) Any permanent employee who is suspended without pay shall be so notified by his appointing authority or his authorized agent on or before the effective time and date of the commencement of the suspension. Each permanent employee so suspended shall be furnished detailed reasons therefor in writing prior to or within fifteen (15) calendar days following the effective date of the suspension. A copy of such detailed reasons shall be furnished to the Director. For each permanent employee so suspended, the notice containing the detailed reasons for the suspension shall contain the notification of the right to appeal required by Rule 12.3(a)2 below. The written notice containing detailed reasons for the suspension referred to in this paragraph shall be deemed furnished to the employee under the circumstances specified in Rule 12.3(b) below.

. At the time of the Boucher decision, the applicable rule, (Section 2, Rule XII), required the appointing authority or his authorized agent to give the employee and the Director advance written notice of the disciplinary action to be taken and written reasons therefore. By the time of the Sanders decision, the rules had been revised and the applicable rule was Rule 12.-3(a)(3) which required written notice to be given the Director within 15 days of the date the employee received notice of the action.