577 So.2d 332 (1991)
Abraha CHA-JUA
v.
DEPARTMENT OF FIRE.
No. 90-CA-1330.
Court of Appeal of Louisiana, Fourth Circuit.
March 28, 1991.
Writ Denied May 24, 1991.
*333 Gilbert R. Buras, Jr., Gardner, Robein & Urann, Metairie, for plaintiff-appellant Abraha Cha-Jua.
Cheryl Mitchell Gaines, Asst. City Atty., Kenneth Plaisance, Asst. City Atty., New Orleans, for defendant-appellee Department of Fire.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
Appellant, Abraha Cha-Jua, a former firefighter with the City of New Orleans Fire Department, appeals a Civil Service Commission order which upheld his dismissal from the N.O. Fire Department. We affirm that decision.
In August, 1986, due to a city-wide reduction in force, appellant was removed from his civil service position as a firefighter for the city of New Orleans. He was reinstated as a Carpenter I, a civil service position appellant held prior to his acceptance by the fire department. Pursuant to the reinstatement, appellant was assigned to the New Orleans Aviation board, and he *334 performed his duties as a Carpenter I at the New Orleans International Airport.
On July 27, 1988, appellant and two other civil service employees were terminated from their Carpenter positions with the Aviation Board on grounds of payroll fraud and job abandonment. The men appealed the termination decision to the Civil Service Commission. After a hearing, the Commission sustained the dismissal on April 19, 1989. Appellant did not appeal this decision of the commission.
Meanwhile, on March 12, 1989, appellant was rehired by the Fire Department as a firefighter. He failed to respond to a question on his employment application which specifically requested information regarding any prior employment disciplinary action. Consequently, the Fire Department was unaware of appellant's dismissal from the Aviation Department and the pending action, until they were notified by the Department of Civil Service.
On April 22, 1989, appellant received a letter from William J. McCrossen, Superintendent of the New Orleans Fire Department. This letter explained that his dismissal from employment from the City of New Orleans before his reinstatement as a firefighter was under investigation by the Departmental Board of Internal Affairs. It ordered him to appear before the Board on Tuesday, April 25, 1989 at 1:00 p.m. and to "be prepared to discuss and testify concerning [his] dismissal and whether or not [he] should be continued in the employ of the Fire Department."
Appellant was terminated from employment by the New Orleans Fire Department on April 28, 1989, after the meeting with the Board. The dismissal from the Fire Department was based primarily on the prior dismissal from the Aviation Board for payroll fraud and job abandonment.
In a termination letter dated April 28, 1989 Fire Superintendent William J. McCrossen explained that before terminating appellant he had carefully considered the report of the Board of Internal Affairs and the decision of the City Civil Service Commission regarding his dismissal by the Aviation Department. He also had considered appellant's:
prior record with the Fire Department which contained a suspension for absence without leave, which was sustained by the City Civil Service Commission, as well, as other violations of the Fire Department's sick leave policy, as substantiation. In light of all of the above, in cumulative effect, with particular reference to [the] dismissal by the Aviation Board,
McCrossen ordered the termination of appellant from the New Orleans Fire Department.
Appellant appealed his dismissal from the Fire Department to the Civil Service Commission. The Fire Department filed an Exception of No Cause of Action alleging that appellant was rehired as a transient employee (as opposed to a permanent employee) and therefore, had no right to appeal the dismissal. The Commission overruled the exception and the matter was assigned to a Hearing Examiner pursuant to La. Const. Art. X, § 12.
After a hearing on December 11, 1989, the Commission found in favor of the Fire Department, and dismissed the appeal. The Commission found that the Department had dismissed appellant because,
First, he failed to respond to a question on his employment application which specifically requested information regarding any prior employment disciplinary action. The second reason is that the Department of Fire, as a provider of public safety, must insist on its applicants meeting a high standard of conduct. A payroll fraud violation during previous service is therefore unacceptable conduct, in this case leading to expulsion from the force.
Appellant now appeals this decision to this Court.

THE LAW
"No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing ..." He may appeal from such disciplinary action *335 to the appropriate City Civil Service Commission and the appointing authority has the burden of proof on appeal as to the facts. La. Const. Art. X, § 8(A) (1991); Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4th Cir.1990).
The Civil Service Commission's decision is subject to review on any question of law or fact by the Court of Appeal. La. Const. Art. X, § 12(B) (1991); Goins v. Dept. of Police, 570 So.2d 93 (La.App.4th Cir.1990); Cittadino, 558 So.2d 1311. The Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Dept. of Police, 454 So.2d 106 (La.1984); Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4th Cir.1990).
Legal cause for disciplinary action exists if the facts disclose that the conduct of the employee impairs the efficiency of the public service in which the employee is engaged. Cittadino, Id. The appointing authority must prove by a preponderance of the evidence that the act occurred and that said act bears a real and substantial relationship to the efficient operation of the public service. Id.
The standard of review for the appellate court is multifaceted. When reviewing the Commission's findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. Walters, 454 So.2d at 113. However, when judging the commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Id. at 114.

ANALYSIS
The Commission found that appellant acted deceptively by not answering the questions on the reemployment application regarding any prior disciplinary action. Because the Aviation matter was pending and appellant could have qualified a "yes" answer with an explanation, we hold that this finding of fact is not clearly erroneous.
Chief McCrossen testified that because firefighters are often called into homes and businesses of private citizens, applicants must be truthful and employees trustworthy for the department to operate efficiently and orderly. Therefore, any past record of disciplinary problems must be explained before a firefighter is hired so that all applicants may be assessed accordingly.
In its April 9, 1990 decision the Civil Service Commission found that a payroll fraud violation during previous service is unacceptable conduct which led to appellant's expulsion from the fire department. The commission recognized that as a provider of public safety, the Department of Fire must insist on its applicants meeting a high standard of conduct. Also, appellant's deceptive act of not answering the question on disciplinary action hinders the much needed trustworthiness of firefighters.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the U.S. Supreme Court held that the minimum due process requirement for a public employee facing dismissal is notice and a pre-termination opportunity to respond. Appellant argues that his notice of the pre-termination interview said nothing about his prior record with the fire department; yet, his prior record was considered in cumulative effect with the Aviation matter when terminated from the fire department.
Appellant admits that no evidence regarding his prior record with the fire department was presented during the Civil Service hearing.
The Commission, therefore, found legal cause based on the payroll fraud, as stated in its opinion. Appellant received notice on April 22, 1989, by a hand delivered letter, informing him of the investigation by the Departmental Board of Internal Affairs of the Aviation incident. He was ordered to appear before the Board and be prepared *336 to discuss and testify concerning his dismissal and whether or not he should be continued in the employ of the Fire Department. Therefore, we find that appellant received proper notice and a chance to respond to the allegations of payroll fraud in a pre-termination interview.
Next, appellant contends that the pre-termination interview notice did not specifically state that his dismissal for "payroll fraud" was under investigation and therefore, the Civil Service Commission erred by considering it as grounds for dismissal from the fire department. We disagree.
The interview notice clearly stated that appellant should be prepared to testify and discuss his prior dismissal. The April 19, 1989 decision rendered by the Commission in the Aviation matter specifically states that appellant was dismissed by the Aviation board for payroll fraud and abandoning his job by failing to be present during the hours he indicated. We find that appellant had proper notice of the investigation for payroll fraud by the Board.
For the above stated reasons, we affirm the Commission's dismissal of the appeal.
AFFIRMED.