| iLANDRIEU, Judge,
dissenting.
This is neither a breach of contract case nor is it a claim for unemployment benefits, but rather a ease in which a classified civil service employee was terminated for legal cause. The standard of review on appeal is clear. This Court must review the Commission’s findings of fact under the manifest error standard and should not reverse the Commission’s exercise of its discretion in determining whether a disciplinary action is based on legal cause and the punishment is commensurate with the infraction, unless that decision is arbitrary, capricious, or characterized by an abuse of discretion. Cha-Jua v. Department of Fire, 577 So.2d 332, 335 (La.App. 4 Cir.1991), writ denied, 580 So.2d 675 (La.1991).
Ms. Bannister refused her assignment and stopped appearing for work; she did not request leave. However questionable the appropriateness of Bannister’s assigned duties might have been, it is undisputed that Bannister remained absent from work without explanation for two full months after she was to return from three weeks of sick leave and that Bannister refused to return to work when ordered to do *So. The city sustained its burden of proving this absence both before the hearing examiner and before the Commission and these uncontested findings of fact are clearly not manifestly erroneous.
Clearly, the wisdom of the executive branch is not at issue here nor was it the issue before the Civil Service Commission. Bannister presented no proof of political, religious, racial, or sexual discrimination and it appears that the only “harassment” at issue is the city’s temporary assignment of job duties that were below those of Bannister’s classification (but at the same salary) and were personally distasteful to Bannister. The majority wrongfully imports the idea of constructive discharge from employee benefits law into the law of civil service to find that Bannister was constructively discharged. Judicial gymnastics are unnecessary to ensure justice for individual employees who have a right to appeal their assignments while working under safe conditions and receiving their full salaries. The issue ^before the Commission was whether the employee’s rights were violated by her discharge and it is the Commission’s judgment on that issue which we now review. The Commission’s conclusion that Ms. Bannister’s two month absence without leave or explanation impaired the efficiency of the public service in which she was engaged and therefore constituted legal cause for dismissal can hardly be characterized as arbitrary, capricious or an abuse of discretion.
The majority contends, however, that an alternative basis for reversal exists, that is the Commission’s failure to act “within 90 days of its receipt of the Hearing Officer’s decision and transcript of the hearing” as required by Civil Service Rule II, § 4.16. The rule itself does not indicate what, if any, results should follow the Commission’s failure to act within the prescribed time frame; such an omission generally indicates that the rule is directory rather than mandatory. Sanders v. Department of Health & Human Resources, 388 So.2d 768, 770 (La.1980). In Sanders, relied upon by the majority, the Louisiana Supreme Court noted that even procedural rules phrased in the imperative “shall” can be construed as merely directive and that the determinative factor in ascertaining whether a procedural requirement was mandatory is the drafter’s intent. Id. at 770-71. “Statutes that, for guidance of a governmental official’s discharge of duties, propose to secure order, system and dispatch *390 in proceedings are usually construed as directory, whether or not worded in the imperative, especially when the alternative is harshness or absurdity.” Id. at 770 (citation omitted).
Further, the majority suggests that this rule “serves to protect the property rights of permanently classified civil service employees to their positions.” The Civil Service, designed to protect public career employees from political discrimination, provides procedural due process to a civil service employee subject to disciplinary sanction for cause but does not guarantee continued employment. See Bell v. Dept. of Health and Human Resources, 483 So.2d 945, 949-50 (La.1986). In this context, due process requires “some kind of hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (emphasis added; citations and internal quotations omitted).
A permanent classified city service employee subjected to disciplinary action for cause jj¡expressed in writing[1] has the right to appeal that disciplinary action to the City Civil Service Commission and, on appeal, the burden of proof is on the appointing authority. La. Const, art. X §§ 8(A), 12(B); but see La. Const, art. X, § 8(B) (employees alleging political, religious, sexual, or racial discrimination bear the burden of proof on appeal). Legal cause for discipline exists if the facts show that the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Cha-Jua, 577 So.2d at 335 (citation omitted). The proceedings of this case, conducted in accordance with the rules and regulations governing the classified service of the City of New Orleans, clearly accorded Ms. Bannister the requisite due process and, in any event, Ms. Bannister does not allege a lack of due process.
Noncomplianee with a procedural rule designed to guide the actions of government officials in the orderly administration of the civil service appeal process, while regrettable, should not result in this Court making decisions concerning hiring and firing that stretch beyond the scope of the standards prescribed by Louisiana’s constitution and statutes, nor is it the function of this Court to dictate to the executive of a political subdivision as to the deployment of its personnel. Accordingly, I respectfully dissent.

. In 1972, the old constitution was amended to specifically eliminate the right to an evidentiary hearing. Compare La. Const, of 1921, art. XIV, § 15(1) with 1972 La.Acts, No. 778 (adopted as a constitutional amendment, November 7, 1972). The new constitution makes no provision for a hearing.