[] PLOTKIN, J.
Dissenting with Written Reasons.
The issue presented by this appeal is whether public policy requires that a court favor the employee or the appointing authority when interpreting Louisiana Civil Service procedural rules. The majority favors the appointing authority, concluding that the 30-day appeal rule breached by the employee “trumps” the five-day notice rule breached by the appointing authority. Because I believe that the Civil Service Rules were designed to protect employees from arbitrary actions taken by public appointing authorities, I disagree with the majority’s interpretation. For the reasons that follow, I would conclude that the employee is entitled to a civil service hearing because the appointing authority’s breach was more significant than the employee’s subsequent breach.
The majority’s statement of the facts is correct. The appointing authority was one day late sending the notice to the director, while Ms. Walker was seven days late in filing her appeal. The appointing authority’s breach predated Ms. Walker’s breach. The majority concludes that the rule requiring the appointing authority to send notice to the director within three days is “purely administrative” and “merely direc *51 tory,” and that the appointing authority was therefore somehow justified in violating that rule. That conclusion is based on the Louisiana Supreme Court’s decisions in Sanders v. Department of Health & Human Resources, 388 So.2d 768 (La.1980) and Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641.
However, the majority fails to note that the rule violated by the appointing authority in this case is fundamentally different from the rules violated by the appointing authorities in Sanders and Bannister. The distinction is obvious in the Bannister case, which involved a rule requiring the Civil Service Commission to decide an appeal within 90 days of receipt of the hearing officer’s report. Thus, it was the Civil Service Commissioner, not the employee or the appointing authority, that violated its own rules in the Bannister case. The distinction is a little more subtle in the Sanders case, in which the appointing authority violated a rule requiring it to provide a statement to the director within fifteen days of the date the employee is notified, a rule superficially similar to the provision violated by the appointing authority in the instant case.
However, the rule violated in this case is much more complex than the rule violated in the Sanders case. The appointing authority in this case violated Civil Service Rule IX, § 1.3, which requires as follows:
In every case of termination, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, within five (5) working days of the effective date of the action, the appointing authority shall furnish the employee and the Director of Personnel a statement in writing of the reasons therefor. The notification also must advise the employee of the possible right of appeal, which must be exercised within thirty (30) calendar days of the date of the disciplinary letter.
(Emphasis added.) The rule violated by the appointing authority in Sanders was much simpler: “The appointing authority shall furnish the director a copy of such statement within fifteen days of the date the employee is notified.”
The following language from Sanders explains the distinction between mandatory and directory rules:
[The rule] is phrased in the imperative, a consideration which is significant though not controlling. See Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). Whether procedural requirements such as those set forth in the rule are mandatory cannot be determined by a mere literal reading of the law but can only be determined by ascertaining the intent of the drafters. If a requirement is so essential to the statutory plan that the legislative intent would be frustrated by non-compliance, then it is mandatory. United States v. St. Regis Paper Company, 355 F.2d 688 (2d Cir.1966). Statutes that, for guidance of a governmental official’s discharge of duties, propose to secure order, system and dispatch in proceedings are usually construed as directory, whether or not worded in the imperative, especially when the alternative is harshness or absurdity. Ralpho v. Bell, 569 F.2d 607 (D.C.Cir.1977). The word “shall” may be given merely directory meaning in cases involving prospective action of government officials if the law’s purpose is the protection of the government by guidance of its officials rather than the granting of rights to private citizens affected. Triangle Candy Co. v. United States, 144 F.2d 195 (9th Cir.1944). A significant consideration in determining whether a statutory requirement should be given mandatory or directory effect is a comparison of the results to which each such construction would lead. Holbrook v. United States, 284 F.2d 747 (9th Cir.1960).
Application of the principles established by Sanders for determining whether a rule is mandatory or directory compels the conclusion that the rule violated by the ap *52 pointing authority in this case was mandatory. The rule involved is the only notice requirement; the rule requires that the City notify both the employee and the director of the reasons for the suspension in the very same section of the very same rule. The requirement that the employee be notified of the reasons for the action taken against her is clearly mandatory both because a failure to notify would violate the employee’s constitutional rights and because an employee would be prejudiced by a failure to notify. Moreover, in the language of the Sanders opinion, the requirement that the employee be notified is “so essential to the statutory plan that the legislative intent would be frustrated by non-compliance.” Id. at 770. The rule is designed to grant rights to the private citizens affected — in this case, Ms. Walker.
Moreover, I do not believe, as the City seems to suggest by quoting only part of the rule in its brief, that the rule can be separated into two parts — one part | ¿mandatory and one part directory. Both of the notice provisions are contained in the same rule. Because the requirement that the employee be notified is obviously mandatory, the rule is mandatory.
In fact, the record indicates that both the City and the Civil Service Commission (CSC) considered the notice rule to be mandatory, because they treated the City’s failure to fulfill the notice requirements as a fatal flaw in the proceedings. The City itself requested that Ms. Walker’s appeal be dismissed without prejudice because of its failure to fulfill the notice requirements. The CSC twice dismissed the appeal on the basis of the City’s failure to fulfill that rule. Although those dismissals were inappropriate because they penalized Ms. Walker for the City’s error, they nevertheless indicate the CSC’s view of the importance of the rule. In fact, the CSC initially failed to even consider whether the appeal should be dismissed as untimely because it saw the violation of the notice rules as controlling.
Moreover, the CSC record in this case contains a number of different decisions. By the first decision, the CSC improperly dismissed Ms. Walker’s appeal without prejudice on the basis of the City’s failure to follow the rules. By the second decision, the CSC found that Ms. Walker is entitled to a full hearing on the merits of her appeal. The CSC made that finding, and a hearing officer later attempted to overrule that finding by again dismissing the appeal on the basis of the City’s violation of the notice requirement — that was the third decision. Only after all those decisions did the CSC adopt the City’s argument and dismiss the case as prescribed, without reasons, in the fourth decision.
I know of no authority allowing the CSC to enter different, contradictory decisions in the same case. Under the circumstances, I believe that the CSC was correct when it found that Ms. Walker is entitled to a full hearing on the merits of her appeal. Clearly, Ms. Walker’s appeal was prescribed on its face when she filed |Bthe “Appeal Form” on June 21, 1996, However, the City’s failure to fulfill the notice requirement predated Ms. Walker’s procedural error. Under the authority vested in this court by La. C.C.P. art. 2164, I would vacate the CSC’s decision dismissing Ms. Walker’s appeal as prescribed and remand the case to the CSC for a full hearing on the merits.