JACHARLES R. JONES, Judge.
The Appellant, the New Orleans Police Department (“NOPD”), argues on appeal that the Civil Service Commission (“Commission”) acted arbitrarily and capriciously and committed clear error in overturning the one-day suspension of Officer Henry G. Bradford imposed by the Superintendent of the NOPD, and exceeded its constitutional authority by substituting its judgment for that of the appointing authority. Finding no error by the commission, we affirm.
The facts of the case are not in dispute. Officer Bradford, a thirty-two year veteran of the NOPD with an otherwise spotless disciplinary record, is a Police Officer IV with permanent status. On March 31, 2003, Officer Bradford was driving a police unit. While stopped at the traffic signal on Poydras Street at LaSalle Street, a pickup truck, which was stopped ahead of Officer Bradford, rolled backward as the driver attempted to put the vehicle into gear and touched the bumper of Officer Bradford’s vehicle. Officer Bradford immediately exited his vehicle and spoke briefly with the driver of the pickup truck, who remains unidentified. Officer Bradford confirmed with the driver that the incident did not result in property damage or personal injury, and the driver insisted on ^immediately leaving the scene. Officer Bradford did not pursue the pickup and left the scene without reporting the incident to his supervisor.
The next day, the driver briefly appeared at the Eighth District police station to report the incident. The driver, however, again refused to remain long enough for an investigation to be conducted. When confronted with the report, Officer Bradford admitted to the incident and submitted to a drug test, which was negative.
On June 17, 2003, a hearing was conducted before Captain Rose R. Duryea, *11 the Commander of the Scientific Criminal Investigations Division, regarding the incident and Officer Bradford’s failure to follow Instructions From an Authoritative Source and Neglect- of Duty relative to Chapter 13.21, and Substance Abuse Testing after an áccident involving a city vehicle. Captain Duryea found that Officer Bradford violated his duty to report the incident and to submit to an immediate substance abuse test. Captain Duryea recommended that Officer Bradford receive a Letter of Reprimand.
On July 28, 2003, Superintendent of the NOPD, Edwin P. Compass, III, issued a disciplinary letter in which he wrote that Officer Bradford violated the following rules:

Applicable Chapter

Chapter 13.21 relative to Substance Abuse Testing; Failure to Report an Accident.
9. Employees shall also be tested whenever either of the following occurs:
b. any employee of the New Orleans Police Department is involved in an accident as the operator of a police conveyance (automobile, motorcycle, bicycle, horse, boat, etc.) while on or off duty. Rule 4 PERFORMANCE OF DUTY
4. Neglect of Duty
C. The following acts or omissions to act, although not exhaustive, are considered neglect of duty.
ls6. Failing to comply with instructions, oral or written, from an authoritative source;

Applicable Chapter

Chapter 13.21 relative to Substance Abuse Testing;
Failure to Notify a Supervisor of an Accident.
9. Accidents- and/or injuries shall be reported immediately to the employee’s immediate- supervisor(s). Supervisors shall be responsible for the preparation of the applicable First Report of Injury form (Employer’s Report of Occupational Injury or Disease, Form # WC 1007) and Supervisor’s Accident Report, Forms # 100a and # 100b.
a. If a ranking officer from the employee’s chain of command is not available in a timely manner, a ranking officer from the district of occurrence shall be responsible for any incumbent substance abuse testing.
b. In an accident involving a city vehicle, which occurs outside the Parish of Orleans, while on duty and/or off duty, refer to the Chapter titled “Departmental Property” referencing the section heading “Damage to Vehicles or equipment”.
c. In instances where supervisory personnel do not make an accident scene out of the parish of Orleans, the employee involved in the accident shall submit to a urine test immediately upon completion of the investigation by the outside agency.
1.The employee shall report to the nearest N.O.P.D. police district, informing the supervisory officer that he/ she was involved in an auto accident. A supervisory officer from that district shall accompany the officer to the appropriate testing facility for the purpose of administering the S.A.T. 4 test. The S.A.T. 4 form shall be distributed as indicated, with an additional copy being forwarded to the tested individual’s place of assignment.
2. Supervisory personnel from the individual’s place of assignment shall be responsible for any additional administrative report requirements.
*12 [4In addition, Superintendent Compass found that Officer Bradford violated Rule IX, Section 1, paragraph 1.1 of the Rules of the Civil Service Commission for the City of New Orleans, which provides:
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/ her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
(1) removal from service.
(2) involuntary retirement.
(3) reduction in pay within the salary range for the employee’s classification, subject to the provisions of Rule IV, Section 8.
(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8.
(5) suspension without pay not exceeding one hundred twenty (120) calendar days.
(6) fine.
Superintendent Compass found that the disciplinary action recommended by Captain Duryea, a Letter of Reprimand, was too lenient and imposed a one-day suspension.
Officer Bradford appealed the one-day suspension to the Civil Service Commission, and a hearing officer was appointed. On October 21, 2003, the hearing officer heard the testimony of Officer Bradford, Captain Duryea, and Deputy Superintendent of the NOPD Steven Nicholas (“Chief Nicholas”). Officer Bradford appeared without counsel. Officer Bradford testified to the facts as outlined herein and conceded that he used poor judgment at the time of the | incident. In mitigation, Officer Bradford testified that the incident occurred one or two days after he found out that a terrorist, who had infiltrated their ranks, had attacked his son’s military unit in Iraq. At the time of the incident, Officer Bradford did not know if his son was alive or dead. Officer Bradford admitted that his mind was on the fate of his son at the time of the incident and agreed that a Letter of Reprimand was appropriate discipline for his failure to follow the rules.
Captain Duryea testified on behalf of Officer Bradford. Captain Duryea testified that she conducted the disciplinary hearing and found that Officer Bradford violated the rules by failing to report the incident and failing to submit to an immediate substance abuse test. Captain Du-ryea testified that it was her understanding that the NOPD required any type of incident involving a police vehicle to be reported and that the possible disciplinary action for failure to do so ranged from a Letter of Reprimand to a three-day suspension. Based on Officer Bradford’s overall record, including his good attitude and consistent hard work, and the extremely minor nature of the incident involving the police vehicle, Officer Duryea recommended a Letter of Reprimand.
Chief Nicholas testified on behalf of the NOPD and explained that he upgraded the discipline from a Letter of Reprimand to a one-day suspension to send a message to other police officers that failure to submit to an immediate substance abuse test after an accident would not be tolerated by the *13 NOPD. Chief Nicholas speculated that if the NOPD issued Letters of Reprimand instead of suspensions in such cases, officers would routinely postpone reporting an accident to avoid the possibility of being dismissed due to a positive drug test. Chief Nicholas conceded that a Letter of Reprimand was within the disciplinary guidelines in the instant case. The hearing officer questioned Chief Nicholas | ^regarding whether the touching of bumpers constituted an “accident” such that a substance abuse test would be required. Chief Nicholas testified that it was NOPD policy that, no matter how slight, any “accident” involving a city vehicle must be reported and a substance abuse test administered.
The hearing officer stated in his report that Officer Bradford had a duty to report the incident despite the lack of physical or property damage. Based on Officer.Bradford’s otherwise spotless record and the extremely minor nature of the incident, the hearing officer recommended that Officer Bradford’s appeal be upheld, as an old-fashioned “chewing out” or a Letter of Reprimand would have been appropriate.
On April 22, 2004, the Commission upheld the appeal. The Commission found that the NOPD’s use of the term “accident”, which was not defined by the NOPD, was overly broad and contrary to the Civil Service Rules, which specifically define “accident” and “near miss” relative to substance abuse testing. Civil Service Rule V, Section 9.13 states:
All employees in safety sensitive positions, and all other employees who may be called upon to operate equipment in the ordinary scope of their employment shall be required to participate in the substance abuse screening procedure if the employee is involved in an on-the-job accident, sustains an on-the-job injury, or is associated with a “near-miss” on-the-job incident. For purposes of this Rule:
(a) The term “accident” refers to any occurrence which requires treatment by qualified medical personnel, causes injury or fatality, produces damage to property or material, or interrupts and/or terminates scheduled work assignments.
(b) The term “near-miss” refers to any incident which might have resulted in an “accident” (as defined above) but for the intervention of some special action, circumstance or event, and which was caused to any degree by violations of safety rules or procedures, by careless or negligent conduct or by the failure to use 17prescribed personal protective equipment.
The Commission found that the incident involving the touching of bumpers did not constitute an “accident” or a “near miss” under the Civil Service Rules and reasoned that Officer Bradford, therefore, was not required to report the incident and submit to an immediate substance abuse test. Therefore, the Commission concluded, Officer Bradford was not in violation of the NOPD’s internal regulations, and the NOPD was without legal cause to discipline him. The Commission ordered the NOPD to. return Officer Bradford’s pay and benefits and to remove the disciplinary action from his record. This appeal by the NOPD follows.
DISCUSSION
In Smothers v. Department of Police, 2000-1518 (La.App. 4 Cir. 5/16/01), 787 So.2d 1110, this Court recently reviewed the duty of the Commission in reviewing disciplinary actions and stated:
On appeal, the Civil Service Commission has a duty to decide if the appointing *14 authority had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment is commensurate with the offense. The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred but that it impaired the efficient operation of the governmental entity.. * * * Therefore, to modify the disciplinary action of the appointing authority, the Commission must find that there was insufficient legal cause for the disciplinary action taken. Legal cause exists if the facts found by the Commission disclose that the conduct of the employee impaired the efficiency of the public service, (citations omitted)
Smothers, 2000-1518, p. 4-5, 787 So.2d 1110, 1112-1113 (emphasis added).
The standard of review for an appellate court with respect to a Commission decision is “multifaceted.” Cha-Jua v. Department of Fire, 577 So.2d 332, 335 (La.App. 4 Cir.1991). An appellate court must utilize a “manifestly erroneous” or “clearly wrong” standard when reviewing the factual findings of the Commission. Cha-Jua, 577 So.2d 332, 335. When an appellate court examines the discretion exercised by the Commission in determining whether a disciplinary action is legally justified or commensurate with the complained-of offense, the reviewing court should not disturb the finding of the Commission unless it is “arbitrary, capricious or characterized by abuse of discretion.” Cha-Jua, 577 So.2d 332, 335, citing Walters v. Dept. of Police, 454 So.2d 106, 114 (La.1984). “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Burkart v. New Orleans Police Dept., 2003-1699, p. 7 (La.App. 4 Cir. 3/31/04), 871 So.2d 1229, 1233, citing Bannister v. Dept. of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The NOPD argues that the Commission acted arbitrarily and capriciously and committed clear error in overturning the one-day suspension imposed by the NOPD and exceeded its constitutional authority by substituting its judgment for that of the appointing authority. The NOPD points out that as the appointing authority it had the discretion to choose and to impose the appropriate disciplinary action and that the Commission only has the authority to change a disciplinary action if sufficient cause for the action was not shown by the appointing authority.
Pursuant to Chapter 13.22 of the New Orleans Police Department Operations Manual, titled “Accident Review Board”, the NOPD argues that it has a policy requiring all “accidents” involving city vehicles to be reported immediately and that the multi-faceted purposes of the policy contribute to the efficient operation of the NOPD. Chapter 13.22 states, in pertinent part:
The purpose of the Accident Review Board is to identify the cause of auto crashes, and through training, discipline, arid/or revising Department regulations, decrease or lessen the severity of auto crashes involving police vehicles.
| flEmployees of the New Orleans Police Department should remember that the term “accident” denotes incidents and circumstances unable to be controlled or influenced by human intervention. The vast majority of “auto accidents” can be prevented if the operator of one or both of the vehicles involved obey traffic laws, properly maintain the vehicle, drive cautiously, and focus their attention on operating the vehicle. Conversely, crashes directly relate to action or circumstances which, if averted, reduce the factors contributing to “auto accidents”.
In the instant case, there is no factual dispute, and our inquiry is confined to whether the Commission abused its discre *15 tion in finding that the NOPD had no legal cause for disciplining Officer Bradford. The NOPD characterized the touching of bumpers to be an “accident” that mandated the immediate substance abuse testing of Officer Bradford, but the NOPD failed to provide a definition of “accident”. The Commission found that the NOPD’s undefined use of the term “accident” was too broad and turned for guidance to the more specific definition of “accident” and “near-miss” relative to substance abuse testing in the Civil Service Rules. The Commission found that the touching of bumpers was not an “accident” or a “near-miss” under the Civil Service Rules and found that the NOPD was, therefore, without legal authority to discipline Officer Bradford.
We find that the record supports the Commission’s view of the facts and its decision. Although there was testimony by Captain Duryea and Chief Nicholas that the NOPD has a departmental rule requiring officers to report “involvement” of a police vehicle in any type of incident, no such rule was provided to Officer Bradford in his disciplinary letter or to this Court. Rather, the NOPD quoted rules to Officer Bradford in his disciplinary letter that used the term “accident” but failed |into define the term. Further, Chapter 13.22, provides no actual definition of “accident” or “crash”.
The NOPD failed to provide Officer Bradford with written notice of what constitutes an “accident” and failed to establish legal cause for discipline. As we find no abuse of discretion by the commission, it was within its authority to reverse the NOPD’s disciplinary action. Accordingly, the decision of the Commission is affirmed.
AFFIRMED.