JjMcMANUS, Judge.
This is á suit brought by five former police officers who were terminated for allegedly violating La.R.S. 33:2504, which prohibits political activity by civil service employees. The district court concluded that the officers did violate the statute, and therefore should be terminated. For the reasons below, we affirm this decision.
*394 STATEMENT OF THE CASE
These appeals arise from a ruling of the Kenner Municipal Fire and Police Civil Service Board. The five Appellants in this case, Wesley T. West, Sr., Dennis Lynch, Robert Polito, Henry Jaurne and Bruce Verrette, were Kenner Police Department employees. They were terminated by the Appointing Authority of the City of Ken-ner Police Department, for alleged violations of La.R.S. 33:2504. La.R.S. 33:2504 prohibits political activity by civil service employees.
The Appellants appealed their termination to the Kenner Municipal Fire and Police Civil Service Board, and also sought injunctive relief in federal court. The federal district court denied summary judgment on the Appellants’ civil-rights claims concluding that the employees had violated provisions prohibiting political activity. The United States Court of Appeals for the' Fifth Circuit affirmed the district court’s decision.
On June 25, 1999, the Civil Service Board found violations of La.R.S. 33:2504, but concluded that termination was inappropriate and reinstated the five employees. Both the Appointing Authority and the five Appellants appealed the decision of the Civil Service Board. On appeal, the district court affirmed the decision by the Civil Service Board finding the five employees in violation of La.R.S. 33:2504, but reversed the decision that termination was | ¡¡.inappropriate and that Appellants be reinstated. The five Appellants now appeal that judgment.
FACTS
Appellants, Wesley T. West, Sr., Dennis Lynch, Robert Polito, Henry Jaume, and Bruce Verrette, were former police officers for the city of Kenner. They were also members of an organization called the Police Association of the City of Kenner (PACK). In fact, the Appellants made up the entire executive board of PACK. On March 3, 1998, each appellant signed and mailed a letter to the members of PACK announcing the Executive Board’s decision to endorse and support Joe Stagni in his campaign for political office. The Appellants did not obtain the approval of the entire organization before making this decision. In fact, thirteen members of PACK wrote a letter to the PACK Executive Board objecting to the manner in which the decision to endorse and support Mr. Stagni was made.
Despite this objection, on March 13, 1998, the PACK Executive Board conducted a meeting of just the Board and voted to make a campaign contribution to candidate Joe Stagni. The five Appellants voted 5-0 in favor of the financial contribution, and on March 30, 1998, the Appellants did in fact make a $300.00 financial contribution to the Joseph Stagni Campaign Fund.
Subsequently, the Appointing Authority conducted a formal investigation for possible violations of La.R.S. 33:2504. On June 15, 1998, the Appellants were terminated under La.R.S. 33:2504(3). The statute provides, in pertinent part:
No employee in the classified service shall, directly or indirectly, pay, or promise to pay, any assessment, subscription, or contribution for any political organization or purpose, or solicit or take part in soliciting any such assessment, subscription, or contribution.
The Civil Service Board concluded that the five officers both directly and indirectly caused a $300 contribution to the Stagni campaign in violation of La.R.S. 33:2504(3). The Civil Service Board also found that the PACK Executive Board did not notify the rest of the PACK membership of the decision to endorse and support Mr. Stagni *395 until after the decision was already made, and financially contributed to the Stagni campaign fund without getting the approval of PACK as a whole.
The district court concluded that the Civil Service Board had legal cause for its findings. The court found that the Appellants controlled PACK and did in fact violate the provisions of La.R.S. 33:2504. The district court further found that the endorsement of Mr. Stagni and ^contribution to his campaign amounted to political activity prohibited by the statute. Finally, the district court also found that the appropriate penalty is termination.
ASSIGNMENTS OF ERROR
The Appellants’ several assignments of error will be combined and considered together for clarity. The assignments of error that are not included below have been considered and are incorporated into those below. The Appellants argue the following on appeal:
1. The lower court erred by not following the clear language of the Canna-tella decision which protects a union’s right to endorse a candidate without exposing its members to penalties under the civil service laws.
2. The lower court erred by not recognizing the inherent conflict between LA R.S. 33:2504 and LA R.S. 33:2507.
3. LA R.S. 33:2504(3) prohibits “employees” from making contributions to political campaigns, but the lower court erred by adding a prohibition not contained in the statute, that is “causing a third party to make a contribution.”
It is well settled that a court of appeal may not upset the factual findings of a trial court absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellant court may feel that its own evaluations and inferences are as reasonable. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings. Id. at 844. Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Id.
The first question is whether there was a violation of La.R.S. 33:2504. This requires us to determine who made the campaign contribution at issue, the five Appellants or PACK. It is true that the money came from PACK funds, and that the Appellants signed the contribution check as the PACK Executive Board. However, we conclude that the weight of the evidence points towards this contribution being a personal action taken by the five Appellants individually, and not an action of PACK as an organization.
The evidence reveals that the five Appellants, as members of the PACK Executive Board, decided to endorse and support candidate Joe Stagni. No formal vote or poll of the PACK membership was taken to approve or disapprove of this action. A letter was sent to the PACK membership welcoming any objection to the endorsement, but this letter came after the decision |4to endorse the candidate was already made. The Appellants then conducted a meeting of just the PACK Executive Board. In this meeting, the five Appellants voted 5-0 in favor of the campaign contribution.
*396 As pointed out above, the Appellants did address a letter to the membership of PACK concerning the endorsement. We find the language of this letter quite instructive. It reads:
At this time we, the Executive Board of the Police Association City of Kenner (P.A.C.K.), have decided to endorse and support Mr. Stagni in his endeavor to seek political office.
We note that the letter clearly demonstrates that the Appellants made the decision to endorse and support Mr. Stagni. We also point out that several members of PACK did indeed object to the process by which the Executive Board decided to endorse Mr. Stagni. The PACK members expressed disapproval that they were not included in the decision. Nevertheless, the Appellants then held a meeting of only the Executive Board, and individually voted to contribute to Mr. Stagni’s campaign fund. No member of PACK testified that they were aware of the financial campaign contribution in advance of it being given to candidate Stagni. We also find it significant that prior to the Appellants in this case, PACK has never before been involved with the endorsement of a candidate for political office. We see no manifest error in the district court’s finding that the Appellants individually endorsed and contributed to a political candidate in violation of La.R.S. 33:2504.
The United States Court of Appeals for the Fifth Circuit addressed this issue in the federal case associated with this litigation, West v. Congemi (unpublished). There, the Fifth Circuit concluded:
Acting as officers of their association and through it, the Appellants caused a political contribution to, and an endorsement of, Candidate Stagni’s campaign to be made. Such activities, undertaken “directly or indirectly,” violate the plain language of Section 2504. Appellants contend, however, that when they act as association officers, their conduct is shielded from the prohibitions of the Little Hatch Act. We disagree.
The Fifth Circuit cited its decision in Wachsman v. City of Dallas, 704 F.2d 160, 172 (5th Cir.1983), in which it held that in cases where an official spokesperson for an organization of city employees announces the organization’s endorsement of a candidate, this action carries with it “all the pernicious possibilities inherent in allowing individual employees to so address political gatherings.” Therefore, the Fifth Circuit concluded, such a situation does not shield that | sdvil service employee of responsibility for violating any civil service prohibitions on political activity. In their brief, the Appellants argue that a labor union can participate in political activity independent of its members. As support for this argument they cite Cannatella v. Department of Civil Service, 592 So.2d 1374 (La. App. 4th Cir.1992), writ denied, 92-0636 (La.4/10/92), 596 So.2d 215. The court in Cannatella held that members of the Police Association of New Orleans (PANO) had the right to endorse a candidate without exposing the members to penalties under the civil service laws.
We first point out that Cannatella is not controlling or binding on this Court, as counsel for Appellants seems to suggest. Furthermore, Cannatella is distinguishable because it involved a different statute governed by a different provision of the constitution. Sergeant Cannatella was terminated pursuant to Article X, Section 9 of the Louisiana Constitution; whereas here, the Appellants were terminated under La.R.S. 33:2504. Additionally, the United States Court of Appeals for the Fifth Circuit reached the exact opposite conclusion in Bruno v. Garsaud, 594 F.2d 1062 (5th Cir.1979), a case also involving PANO and Article X, Section 9. In Bruno, *397 the president of PANO sponsored a post-election banquet honoring a New Orleans city councilman and signed two checks payable to political candidates. The United States Court of Appeals for the Fifth Circuit concluded that the president of PANO engaged in political activity and his conduct violated Article 10 Section 9 of the Louisiana Constitution. Id. at 1064.
In Cannatella, the majority stated:
The prohibition against political activity is exclusively limited to commissioners and classified civil service employees and officers. That prohibition does not extend to a labor organization such as PANO, or its spokesperson, merely because its members are classified civil service employees. Cannatella, 592 So.2d at 1376.
In this case, the Appellants are indeed classified civil service employees pursuant to La.R.S. 33:2471. Therefore, the prohibition against political activity clearly applies to them, and the Appellants do not dispute this. However, the excerpt above goes to the very core of the Appellants’ argument. The Appellants’ assert that they did not individually make any campaign contribution, but rather PACK did. In the alternative, even if they did make the contribution, they are protected as members of a labor union.
The first argument has already been addressed above. Appellants’ assertion that the contribution and endorsement were actions taken by PACK and not the five Appellants | ^individually, is simply untenable. As for the contention that being members of a labor union exempts them from any and all responsibility under the civil service laws, we find this argument unpersuasive. To allow the Appellants to do indirectly through a union or an association that which they cannot do directly as classified civil service employees will permit them to circumvent the statute’s prohibition. As the dissent in Cannatella pointed out, “the purpose of the Constitutional provision and the Civil Rule is to protect the integrity of Civil Service employees by prohibiting involvement in politics and political activities.” Cannatella, 592 So.2d at 1378. We hold that the Appellants’ conduct is not shielded by their status as members of the board of the organization.
The question presented now concerns the appropriate disciplinary action for a violation of La.R.S. 33:2504. Appellants argue that the district court erred in misinterpreting La.R.S. 33:2504, and in upholding the Appointing Authority’s decision to terminate. We find that the district correctly interpreted and applied La. R.S. 33:2504.
The statute prohibits political activity by civil service employees and mandates that the appropriate disciplinary action for such activity is termination. There is no inherent conflict between La.R.S. 33:2504 and La.R.S. 33:2507, as suggested by the Appellants. La.R.S. 33:2507 states that anyone who “wilfully” violates any provision in this section shall be fined and deemed ineligible for any position in the classified service, and “shall forfeit his office or position” if he is an officer or employee of the classified civil service. Applying La.R.S. 33:2507, the Civil Service Board concluded that the Appellants should not have been terminated because the violations were not done wilfully. The district court reversed this decision to reinstate the Appellants relying instead on La.R.S. 33:2504(B). The language of La.R.S. 33:2504(B) is mandatory and clearly states that “the appointing authority shall discharge from the service any employee whom he deems guilty of violating any or more of the provisions of this Section.” We find that the district court correctly applied La.R.S. 33:2504(B). The language of La.R.S. 33:2507 provides for additional penalties *398 beyond termination for civil service employees who wilfully participate in political activity. However, neither statute allows for a penalty of less than termination for a violation of La.R.S. 33:2504.
Finally, we address the Appellants’ argument that “causing” a contribution to be made is not the same as directly or indirectly making a contribution. The Appellants submit that the |7Civil Service Board and the district court are adding a prohibition not contained in the statute, that is “causing” a third party to make a contribution. In its decision, the Civil Service Board concluded:
the five officers, both indirectly and directly, caused a $300 contribution to the Stagni campaign in violation of La. R.S. 33:2504(3).
The statute prohibits direct or indirect contributions to political candidates. We note that the Appellants were the sole members of the PACK Executive Board, and by virtue of this position they controlled the funds of the organization. At the very least, the evidence shows that the Appellants indirectly contributed funds to Mr. Stagni’s campaign fund, and therefore violated the statute.
We have read and considered the amicus brief submitted by the AFL-CIO. In their brief, the AFL-CIO states:
Indeed, considering that Cannatella is the law for Orleans, St. Bernard and Plaquemines Parishes, adoption of the unforgiving standard advocated by the Police Chief would bring into play an anomalous disparity among public employee unions in the Greater New Orleans region ... [U]nions in the three sister parishes in the Fourth Circuit actively engage in the electoral process ... while their Jefferson Parish or Ken-ner brothers and sisters would be essentially neutered and barred from the democratic process.
In no way does this decision “bar” or “neuter” any civil service employee from the democratic process. Rather, this decision prohibits civil service employees from contributing to political campaigns as the law forbids in La.R.S. 33:2504. Furthermore, the “law” of Jefferson Parish or Orleans Parish is not Cannatella, but rather the statute enacted by the Louisiana Legislature. Cannatella is an interpretation of the law in La.R.S. 33:2504, but it is an interpretation we respectfully decline to follow.
CONCLUSION
This Court affirms the decision of the district court that there was a violation of La.R.S. 33:2504. We further find that the appropriate penalty under the statute is termination.
AFFIRMED.