COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 0793

LOUISIANA STATE TROOPERS ASSOCIATION,
JAMES O'QUINN, ET AL.

VERSUS

STATE POLICE COMMISSION

Judgment Rendered: ___JAN 3 0 2025___

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 24
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 672676

HONORABLE DONALD R. JOHNSON, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Mary Ann M. White<br>Baton Rouge, Louisiana<br><br>AND<br><br>Floyd J. Falcon, Jr.<br>Baton Rouge, Louisiana | Attorneys for Plaintiffs/Appellants<br>Louisiana State Troopers Association,<br>James O'Quinn, Derek Sentino, Brett<br>Travis, Chris Wright, Larry Badeaux, Jr.,<br>Rodney Hyatt, John Heath Miller,<br>Hackley E. Willis, Jr., Andy Stephenson,<br>Dale Latham, John M. Trahan, Mike Neal<br>and Chase Huval |
| Mary Lenore Feeney<br>Baton Rouge, Louisiana | Attorney for Defendants/Appellees<br>State Police Commission & Jason<br>Hannaman |

*Theriot, J. dissents with reasons*

**BEFORE: THERIOT, PENZATO, LANIER,
GREENE AND STROMBERG, JJ.**

*WIL Agree in part and dissent in part
with reasons.*

*JPS Stromberg J, agreeing in part + concurring in part
with reasons*

**GREENE, J.**

In this case, the plaintiffs appeal a judgment that denied their petition for declaratory judgment and granted a declaratory judgment in favor of the defendants. After review, we reverse and render judgment.

## FACTS AND PROCEDURAL HISTORY

The parties stipulated to the facts of this case. The Louisiana State Troopers Association (LSTA) is a labor organization founded in 1969 and is a nonprofit corporation pursuant to §501(c)(5)of the Internal Revenue Service Code. The LSTA represents more than 90 percent of commissioned and classified state police troopers as well as a majority of state police trooper retirees. The LSTA, in part, advocates on behalf of its members for improved pay and benefits and a better working environment. The LSTA also works to support and improve the quality of life for its members and their families and to enhance public service provided by its members to the communities in the State. The LSTA is managed by a board of directors composed of state police troopers and one retired state police trooper, who is not a member of the classified state police service.

The Louisiana State Police Commission (LSPC) was established by La. Const. art. 10, §43, and was vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified state police service, including, in part, the power to adopt rules regarding employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, and political activities, and to generally accomplish the objectives and purposes of the merit system of state police service. La. Const. art. 10, §48(A)(1). The LSPC was formed in 1991 and adopted rules which were largely a copy of the rules that had been adopted and promulgated by the Louisiana State Civil Service Commission, which had previously maintained authority over the classified state police service.

The State Police Service was established by La. Const. art. 10, §41, and includes all regularly commissioned full-time law enforcement officers employed by the Department of Public Safety and Corrections, office of state police, or its successor, who are graduates of the state police training course of instruction and vested with full state police powers, and persons training to become such officers. The State Police Service is

2

divided into the unclassified and the classified service; however, the rules promulgated by the LSPC govern the classified service only.

After complaints were made to the LSPC regarding political activity by the LSTA, the LSTA and classified Louisiana state police officers and board of directors members James O'Quinn, Derek Sentino, Brett Travis, Chris Wright, Larry Badeaux, Jr., Rodney Hyatt, John Heath Miller, Hackley E. Willis, Jr., Andy Stephenson, Dale Latham, and individual classified Louisiana state troopers and LSTA members John M. Trahan, Mike Neal, and Chase Huval (the plaintiffs) filed a petition for declaratory judgment on August 15, 2018, naming as defendants the LSPC and its executive director, Jason Hannaman.[1] The plaintiffs prayed for a declaration that: (1) the LSTA is not subject to the Louisiana Constitution or the State Police Commission rules related to political activity of members of the classified state police service; (2) the LSTA has a constitutionally protected right to support or oppose political candidates, parties, or factions; and (3) membership in or management of the LSTA does not violate the Louisiana Constitution or the State Police Commission rules, even when the LSTA engages in political activity as defined in Article 10, §47(C) of the Louisiana Constitution.

The LSPC and Mr. Hannaman answered the petition on December 3, 2018, admitting that LSPC rules do not govern the LSTA, generally denying the allegations, filing a dilatory exception raising the objection of prematurity, and asking that the case be dismissed. The dilatory exception raising the objection of prematurity was denied by the trial court on August 27, 2019.

On October 16, 2020, the LSPC and Mr. Hannaman also filed a declinatory exception raising the objection of lack of subject matter jurisdiction and peremptory exceptions raising the objection of no right of action, or alternatively, no cause of action. The exceptions were denied by the trial court on February 14, 2021.

The matter proceeded to a bench trial on November 3, 2022. Thereafter, the trial court denied the plaintiffs' request for a declaratory judgment, and entered a declaratory judgment stating that: 1) there is no exception contained in La. Const. art. 10, §47 that

---

[1] Plaintiff Robert Mire was removed from the suit on August 29, 2019, by order of the trial court following an unopposed motion by the plaintiffs.

3

would allow classified members of the state police to vote for the LSTA to endorse or contribute money to a political candidate or party; 2) any added exceptions to La. Const. art. 10, §47 require a vote of the general public in an election; and 3) there is no authority in LSPC rules or in Louisiana State Police procedural orders that provide an exception to the prohibition against engaging in political activity or that permits a classified member of the state police service to vote for the LSTA or endorse or contribute to a political candidate or party. The judgment was signed on January 27, 2023. The plaintiffs appealed that judgment.

In their two assignments of error, the plaintiffs maintain that the trial court erred in denying their request for a declaratory judgment and dismissing their claims, and that the trial court erred in entering a declaratory judgment adverse to the declaratory judgment they requested.

## STANDARD OF REVIEW

Trial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief. **Louisiana Supreme Court Committee on Bar Admissions ex rel. Webb v. Roberts**, 2000-2517 (La. 2/21/01), 779 So.2d 726, 728. Appellate courts review a trial court's decision to grant or deny a petition for declaratory judgment using the abuse of discretion standard. The scope of appellate review is confined to a determination of whether or not the trial court abused its discretion by granting or refusing to render a declaratory judgment. **Roper v. East Baton Rouge Metropolitan Council**, 2015-0178 (La. App. 1 Cir. 11/6/15), 183 So.3d 550, 552-553, writ denied, 2015-2231 (La. 2/5/16), 186 So.3d 1166.

## APPLICABLE LAW

Louisiana Constitution article 10, §47 provides:

**(A) Party Membership; Elections.** No member of the commission and no state police officer in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state police officer serving on the State Police Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.

4

**(B) Contributions.** No person shall solicit contributions for political purposes from any classified state police officer or use or attempt to use his position to punish or coerce the political action of a classified state police officer.

**(C) Political Activity Defined.** As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support or opposition of a candidate seeking election as the classified state police officer member of the State Police Commission, issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.

LSPC Rule 14.2 provides:

a. Except as provided in subsection (b) (below), no member of the State Police Commission and no classified member of the State Police Service shall:
   1. Participate or engage in political activity, including, but not limited to, any effort to support or oppose the election of a candidate for political office or support or oppose a particular political party in an election;
   2. Be a candidate for nomination or election to public office;
   3. Be a member of any national, state, or local committee of a political party or faction;
   4. Make or solicit contributions for any political purpose, party, faction, or candidate;
   5. Use or attempt to use his position to influence, punish or coerce the political action of any person, including a classified member of the State Police Service;
   6. Take active part in the management of the affairs of a political party, faction, candidate, or any political campaign;
   7. Take active part in an effort to recall from office an elected public official, or seek, solicit or attempt to influence or coerce any person, including a classified member of the State Police Service or of the State Police Commission, into participating in any such effort or attempt to influence or coerce any person into signing a recall petition; or
   8. Directly or indirectly, pay or promise to pay any assessment, subscription, or contribution for any political party, faction or candidate, nor solicit or take part in soliciting any such assessment, subscription or contribution, and no person shall solicit any such assessment, subscription or contribution of any classified employee in the State Police Service.
b. Prohibited political activity shall not include:
   1. Seeking election as the classified state police officer serving on the State Police Commission;
   2. Activity in support of or opposition to the election of the state police officer serving on the State Police Commission;
   3. The exercise as a citizen of the expression of an opinion privately;
   4. Serving as a commissioner or official watcher at the polls for any state or federal election;
   5. Casting a vote in any local, state or federal election;
   6. Except as provided in subsection (a) (7) (above), activity in support of or opposition to any referendum, including a tax referenda, amendment of the state or federal constitutions or issues involving bonded indebtedness; or
   7. Signing a petition to recall from office an elected public official.

5

## DISCUSSION

The plaintiffs maintain that the trial court erred in denying their request for a declaratory judgment and granting declaratory judgment in favor of the LSPC and Mr. Hannaman. The plaintiffs maintain that they are entitled to the declaratory relief sought because the LSPC agreed it has no jurisdiction over the LSTA, and that La. Const. art. 10, §47(A) prohibits state police officers in the classified service from participating in political activity, but does not regulate the political activity of labor organizations. They further maintain that there is no constitutional article or LSPC rule that regulates the political activities of the LSTA.

The application of La. Const. art. 10, §47 and the LSPC Rule 14.2 to members of the classified state police service acting through the LSTA to engage in political activity is a matter of first impression for this Court. Our review is guided by well-established rules of interpretation.

As a general rule, articles of the constitution are to be construed and interpreted using the same canons of interpretation applicable to statutes and written instruments. **State v. Expunged Record No. 249,044**, 2003-1940 (La. 7/2/04), 881 So.2d 104, 107; **City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund**, 2005-2548 (La. 10/1/07) 986 So.2d 1, 15. Legislation is the solemn expression of the will of the legislature. La. C.C. art. 2; **City of Bossier City v. Vernon**, 2012-0078 (La. 10/16/12), 100 So.3d 301, 305. The determination of the legislature's will regarding legislation must start with the language of the statute itself. *Id.* The words used must be interpreted as they are generally understood. La. C.C. art. 11; **City of Bossier City**, 100 So.3d at 305. When the words of a statute are clear and unambiguous, and the application of the law does not lead to absurd consequences, the statute should be applied as written and no further effort should be made to determine the legislature's intent. La. C.C. art. 9.

As support for their position, the plaintiffs rely in part upon **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO v. Roach**, 2016-719 (La. App. 3 Cir. 2/15/17), 211 So.3d 1173, writ denied, 2017-0461 (La. 5/1/17), 221 So.3d 70; **Cannatella v. Department of Civil Service**, 592 So.2d 1374 (La. App. 4 Cir.), writ denied, 596 So.2d

6

215 (La. 1992); and **Citizens United v. Federal Election Commission**, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 751 (2010).

**Lake Charles Police Officers' Ass'n Local 830 AFL-CIO** concerned the endorsement of political candidates by the Local 830 labor organization. All Local 830 members were classified civil service employees and constituted approximately 80 percent of the Lake Charles Police Department. Classified civil service employees were restricted from certain political activities pursuant to La. R.S. 33:2504. The Local 830 filed a petition for declaratory judgment asking for a declaration that it was allowed to publicly endorse, support, and make political statements on behalf of a candidate seeking to be elected to public office after a vote of the membership regarding the issue and have its officers or spokesperson make such public endorsements or statements on behalf of the Local 830. The trial court ruled in favor of the Local 830 and the City appealed. **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**, 211 So.3d at 1174.

The Third Circuit Court of Appeal noted that every Local 830 member was given an opportunity to vote for any candidate they desired, but they were not required to vote, and all votes cast were confidential, with a majority required for an endorsement. The Third Circuit Court of Appeal found that the Local 830 was an entity that was distinct and distinguishable from its members. As such, an endorsement of a political candidate by the Local 830 through its president was not a personal endorsement of the candidate by him. **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**, 211 So.3d at 1178.

The Court noted that unions and corporations are entitled to the First Amendment protection guaranteeing freedom of expression, which the U.S. Supreme Court in **Citizens United** found applied to spending money in elections as part of free speech. Political speech must prevail against laws that would suppress it, whether by design or inadvertence. Laws burdening political speech, therefore, must be strictly scrutinized. **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**, 211 So.3d at 1178-1179, citing **Citizens United**, 130 S.Ct. at 898. We find **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO** is analogous to the present case.

**Cannatella** involved the interpretation of La. Const. art. 10, §9 and New Orleans City Civil Service Rule 14, which prohibited political activity by classified employees. In

**Cannatella**, Sgt. Ronald Cannatella appealed his 30-day suspension without pay from the New Orleans Police Department based upon the New Orleans Civil Service Commission's ruling that he engaged in prohibited political activities in violation of La. Const. art. 10, §9 and City Civil Service Rule 14. Sgt. Cannatella was a classified civil service employee and president of the Police Association of New Orleans (PANO). In January of 1990, a poll of the PANO membership was taken and the results supported an endorsement of a candidate for mayor. Sgt. Cannatella, as president of PANO, made the endorsement by appearing in a public forum, covered by print and broadcast news media, stating PANO's endorsement of the mayoral candidate. La. Const. art. 10, §9 provided that "[n]o . . . employee in the classified service shall participate or engage in . . . an effort to support or oppose the election of a candidate for political office or to support a particular party in an election." City Civil Service Rule 14 provided that "[c]onduct prohibited to classified employees and commissioners by this Rule includes any public political statement, whether verbal or written, any public political overture or demonstration . . . ." Private expressions of opinion by classified civil service employees are specifically exempted. **Cannatella**, 592 So.2d at 1375-1376.

The **Cannatella** court found that the prohibition against political activity was exclusively limited to commissioners and classified civil service employees and officers. The prohibition did not extend to a labor organization such as PANO, or its spokesperson, merely because its members are classified civil service employees. The **Cannatella** court stated that PANO was an entity that was distinct and distinguishable from its members, and an endorsement of a candidate for elective office by PANO through its president was not a personal endorsement of that candidate by Sgt. Cannatella. Further, the **Cannatella** court found that Sgt. Cannatella publicly expressed PANO's endorsement for mayor, not his personal choice, and concluded that Sgt. Cannatella's conduct as president of PANO did not fall within the ambit of political activities proscribed by either La. Const. art. 10, §9 or City Civil Service Rule 14. **Cannatella**, 596 So.2d at 1376. We find that **Cannatella** is analogous to the present case.

In **Citizens United**, a nonprofit corporation brought an action against the Federal Election Commission for declaratory and injunctive relief asserting fear of being subjected

8

to civil and criminal penalties if it made a film about a candidate in the next presidential election that was available on demand within 30 days of the presidential elections. The U.S. District Court denied the corporation's motion for preliminary injunction and granted summary judgment to the Commission. **Citizens United**, 130 S.Ct. at 888. On review the U.S. Supreme Court affirmed in part, reversed in part, and remanded. **Citizens United**, 130 S.Ct. at 917. The U.S. Supreme Court noted that first Amendment standards must give the benefit of any doubt to protecting rather than stifling speech. **Citizens United**, 130 S.Ct. at 891.

Further, the U.S. Supreme Court noted that laws that burden political speech are subject to strict scrutiny for a violation of the First Amendment, which requires the government to prove that the restrictions further a compelling interest and are narrowly tailored to achieve that interest. **Citizens United**, 130 S.Ct. at 898.

In support of their argument that the trial court judgment should be affirmed, the LSPC and Mr. Hannaman rely in part upon **Kenner Police Dept. v. Kenner Mun. Fire & Police Civ. Serv. Bd.**, 2000-1080 (La. App. 5 Cir. 1/23/01), 783 So.2d 392, writ denied, 2001-0487 (La. 4/20/01), 790 So.2d 635 and **West v. Congemi**, 211 Fed.3d 593 (5 Cir. 3/21/00) (unpublished), cert. denied, 00-248 (11/27/00), 531 U.S. 1010, 121 S.Ct. 564, 148 L.Ed.2d 484.[2]

In **Kenner**, suit was brought by five former police officers who were terminated for allegedly violating La. R.S. 33:2504, which prohibited political activity by civil service employees. The five former police officers were members of an organization called the Police Association of the City of Kenner (PACK). They composed the entire executive board of PACK. They each signed and mailed a letter to the members of PACK announcing the executive board's decision to endorse and support a candidate for political office. The five police officers did not obtain the approval of the entire organization before making this decision. Thirteen members of PACK wrote a letter to the PACK executive board objecting to the manner in which the decision to endorse and support the candidate was made. Nonetheless, the PACK executive board conducted a meeting of the board and

---

[2] **West** also concerns the application of La. R.S. 33:2504 to Kenner police officers. Notably, **West** is unpublished, and pursuant to U.S. Fifth Circuit Court of Appeal Rule 47.5.4, has no precedential value except in limited circumstances which do not apply herein.

voted unanimously to make a campaign contribution to the candidate and made a $300.00 donation to the campaign fund. **Kenner**, 783 So.2d at 393-394.

Subsequently, the appointing authority conducted a formal investigation and terminated the five police officers for violation of La. R.S. 33:2504(3). That statute provides in part: "[n]o employee in the classified service shall, directly or indirectly, pay, or promise to pay, any assessment, subscription, or contribution for any political organization or purpose, or solicit or take part in soliciting any such assessment, subscription, or contribution." The officers appealed to the Civil Service Board, which agreed the statute was violated, but found termination was not warranted and reinstated the officers. The district court disagreed and reinstated the termination. On appeal, the Fifth Circuit Court of Appeal determined that the weight of the evidence pointed toward the contribution being a personal action taken by the five police officers individually, and not an action of PACK as an organization. The Fifth Circuit Court of Appeal affirmed the district court's finding that the five police officers individually endorsed and contributed to a political candidate in violation of La. R.S. 33:2504 and upheld the termination. **Kenner**, 783 So.2d at 394-398. We note that in **Kenner**, the police officers acted individually without a majority vote of the association.

As to the present case, La. Const. art. 10, §47(A) states that "[n]o member of the commission and no state police officer in the classified service shall participate or engage in political activity; . . . make or solicit contributions for any political party, faction, or candidate . . . except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires." Louisiana Constitution article 10, §47(C) defines "political activity" as "an effort to support or oppose the election of a candidate for public office or to support a particular political party in an election." There are specific exceptions described in Section (C) to provide that "[t]he support or opposition of a candidate seeking election as the classified state police officer member of the State Police Commission, issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited."

Applying strict scrutiny, we find that La. Const. art. 10, §47(C) regulates the ability of individual members of the LSPC and classified state police officers and does not extend

10

to the actions of the LSTA taken in accord with the majority vote of its members. See **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**; **Cannatella**; and **Citizens United**.

Louisiana state troopers' behavior in their official capacity is regulated by the LSPC. The LSPC is granted its authority pursuant to La. Const. art. 10, §48(A)(1), which provides: "[t]he commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified police service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal . . . [and] political activities[.]"

LSPC Rule 14.2 provides in pertinent part: "[e]xcept as provided in subsection (b) . . . no member of the State Police Commission and no classified member of the State Police Service shall: (1) [p]articipate or engage in political activity, including, but not limited to, any effort to support or oppose the election of a candidate for political office or support or oppose a particular political party in an election; . . . (4) [m]ake or solicit contributions for any political purpose, party, faction, or candidate[.]"

Applying strict scrutiny, we find that LSPC rule 14.2 regulates the behavior of individual members of the LSPC and classified members of the state police service to engage in political activity individually and does not regulate the actions of the LSTA taken in accord with the majority vote of its members. See **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**; **Cannatella**; and **Citizens United**.

The evidence at trial reflected that pursuant to the by-laws of the LSTA, no endorsement of a political candidate shall be made without a prior secret ballot vote of the membership with a majority of those members casting ballots supporting the endorsement. This endorsement, as in **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO**, is an endorsement by the association, not by its individual members. Likewise, a contribution thereafter made to an endorsed candidate following a vote of the affiliates (elected representatives of the Troops, Headquarters, and retired state police troopers) pursuant to a previously approved budget is a contribution by the LSTA, as opposed to a contribution by its individual members, as in **Kenner.**

For the foregoing reasons, we find that the trial court's denial of the plaintiffs' request for a declaratory judgment was an abuse of discretion, and we grant declaratory judgment finding that: the LSTA is not subject to the Louisiana Constitution or the LSPC rules related to political activity of members of the classified state police service; the LSTA has a constitutionally protected right to support or oppose political candidates, parties, or factions; and the membership in or management of the LSTA does not violate the Louisiana Constitution or the LSPC rules, even when the LSTA engages in political activity as defined in article 10, §47(C) of the Louisiana Constitution.

## CONCLUSION

For the foregoing reasons, the judgment denying a declaratory judgment requested by the Louisiana State Troopers Association, James O'Quinn, Derek Sentino, Brett Travis, Chris Wright, Larry Badeaux, Jr., Rodney Hyatt, John Heath Miller, Hackley E. Willis, Jr., Andy Stephenson, Dale Latham, John M. Trahan, Mike Neal, and Chase Huval and granting a declaratory judgment in favor of the Louisiana State Police Commission and Jason Hannaman is reversed; declaratory judgment is rendered in favor of the Louisiana State Troopers Association, James O'Quinn, Derek Sentino, Brett Travis, Chris Wright, Larry Badeaux, Jr., Rodney Hyatt, John Heath Miller, Hackley E. Willis, Jr., Andy Stephenson, Dale Latham, John M. Trahan, Mike Neal, and Chase Huval. Costs of this appeal are assessed against the Louisiana State Police Commission and Jason Hannaman.

**REVERSED AND RENDERED.**

12

LOUISIANA STATE TROOPERS
ASSOCIATION, JAMES O'QUINN,
ET AL

2023 CA 0793

VERSUS

COURT OF APPEAL

STATE POLICE
COMMISSION

FIRST CIRCUIT

STATE OF LOUISIANA

BEFORE: THERIOT, PENZATO, LANIER, GREENE AND STROMBERG, JJ.

**LANIER, J., AGREEING IN PART, DISSENTING IN PART, AND ASSIGNING REASONS.**

I respectfully agree in part and dissent in part. I agree with the majority that La. Const. art. 10, §47 and Louisiana State Police Commission (LSPC) Rule 14.2 regulate the actions of individual classified members of the State Police Service and do not extend to the actions of the Louisiana State Troopers Association (LSTA). The LSTA as a distinct juridical person is not subject to the Louisiana Constitution or the LSPC rules related to prohibited political activities of individual classified members. Further, the LSTA has a constitutionally protected right to support or oppose political candidates, parties or factions. See **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO v. Roach**, 2016-719 (La. App. 3 Cir. 2/15/17), 211 So.3d 1173, writ denied, 2017-0461 (La. 5/1/17), 221 So.3d 70; **Cannatella v. Department of Civil Service**, 592 So.2d 1374 (La. App. 4 Cir.), writ denied, 596 So.2d 215 (La. 1992); and **Citizens United v. Federal Election Commission**, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 751 (2010).

However, I respectfully disagree with the majority's reversal of the district court's ruling that found there was no exception contained in La. Const. art. 10, §47 or the LSPC rules that would allow individual classified members of the State Police Service to endorse or contribute money to a political candidate. Further, I

disagree with the majority's grant of a declaratory judgment finding that membership in or management of the LSTA does not violate the Louisiana Constitution or the LSPC rules.

Louisiana Constitution article 10, §47 is clear that no state police member in the classified service shall participate or engage in political activity or make or solicit contributions for any political candidates. La. Const. Art. 10, §47(A). Political activity is defined as "an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election." La. Const. Art. 10, §47(C) The article further provides that no person shall solicit contributions for political purposes from any classified state police member. La. Const. Art. 10, §47(B). The only exception to this prohibition is the right to "exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires. La. Const. Art. 10, §47(A).

LSPC Rule 14.2 appears to be more restrictive than the Louisiana Constitution. Rule 14.2 provides, in part, that no classified member of the State Police shall:

> 1. Participate or engage in political activity, including, but not limited to, **ANY EFFORT** to support or oppose the election of a candidate for political office ...;
>
> 4. Make or solicit contributions **FOR ANY POLITICAL PURPOSE**, party, faction, or candidate; ...
>
> 8. Directly or indirectly, pay or promise to pay any assessment, subscription, or contribution for any political party, faction or candidate, nor solicit or take part in soliciting any such assessment, subscription or contribution, and no person shall solicit any such assessment, subscription or contribution of any classified employee in the State Police Service. [Emphasis ours.]

2

Moreover, Rule 14.2 provides for certain exceptions to what is considered political activity. As set forth in Rule 14.2, "[t]he exercise as a citizen of the expression of an opinion privately" and "[c]asting a vote in any local state or federal election" would not be prohibited political activity pursuant to Rule 14.2.

I concede that mere membership in the LSTA does not appear to be a violation of any prohibited political activity and further accept that a secret ballot vote of the membership may fall under the exceptions of exercising ones right as a citizen to express his opinion privately. However, I disagree with a blanket declaration that membership cannot be exercised by the individual in a way that is not violative of the Louisiana Constitution or the LSPC rules. Membership in or management of the LSTA does not exempt the individual member from the obligations imposed by the Louisiana Constitution or the LSPC rules.

I believe that an individual classified member of the state police would violate the Louisiana Constitution or the LSPC rules if the member makes any effort to speak on behalf of or against any candidate before such secret vote occurs. Further, it could be argued that if the membership dues, which are garnished from the member's paychecks, are used to fund the political contributions made by the LSTA that the member indirectly paid an assessment, subscription, or contribution for a political purpose.

I further disagree with a blanket declaration that management of the LSTA does not violate the Louisiana Constitution or LSPC rules. I believe management of the LSTA may very likely run afoul of the Louisiana Constitution or the LSPC rules regarding prohibited political activities and could expose the individual board member to sanctions. See **Kenner Police Dept. v. Kenner Mun. Fire & Police**

3

**Civ. Serv. Bd.**, 2000-1080 (La. App. 5 Cir. 1/23/01), 783 So.2d 392, <u>writ denied</u>, 2001-0487 (La. 4/20/01), 790 So.2d 635.

I believe that as a classified member of the State Police Service, a board member of the LSTA who moves for and votes to make a contribution to a political candidate is in violation of the Louisiana Constitution and LSPC rules. Short of abstaining from the vote, it would appear that any vote in support of or vote in opposition to a candidate receiving funds or endorsements would be a clear violation.

As these cases tend to be very fact sensitive, I believe that any potential violation of the Louisiana Constitution or LSPC rules is better addressed on a case-by-case basis rather than by making a broad declaration of approval of general behavior.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0793

LOUISIANA STATE TROOPERS ASSOCIATION,
JAMES O'QUINN, ET AL

VERSUS

STATE POLICE COMMISSION



**STROMBERG, J., agreeing in part and concurring in part.**

I agree with the majority that plaintiffs are entitled to declaratory judgment that the Louisiana State Troopers Association ("LSTA") is not subject to the Louisiana Constitution or the Louisiana State Police Commission ("LSPC") rules related to political activity of members of the classified state police service. I also agree that plaintiffs are entitled to declaratory judgment that the LSTA has a constitutional right to support or oppose political candidates, parties or factions. See **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO v. Roach**, 2016-719 (La. App. 3d Cir. 2/15/17), 211 So.3d 1173, writ denied, 2017-0461 (La. 5/1/17), 221 So.3d 70; **Cannatella v. Department of Civil Service**, 592 So.2d 1374 (La. App. 4th Cir.), writ denied, 596 So.2d 215 (La. 1992); and **Citizens United v. Federal Election Commission**, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 751 (2010).

I respectfully concur, however, as to the portion of the majority opinion finding that plaintiffs are entitled to declaratory judgment that membership in or management of the LSTA does not violate the Louisiana Constitution or the LSPC rules, even when the LSTA engages in political activity as defined in article 10, §47(C) of the Louisiana Constitution. While the specific facts of this case do not

indicate that membership in or management of the LSTA run afoul of the Louisiana Constitution or the LSPC rules, I acknowledge the concerns of Judge Lanier that different circumstances could result in such a violation.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0793

LOUISIANA STATE TROOPERS ASSOCIATION,

JAMES O'QUINN, ET AL.

VERSUS

STATE POLICE COMMISSION

**THERIOT, J., dissenting with reasons.**

I respectfully dissent from the majority opinion, which relies upon **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO v. Roach**, 2016-719 (La. App. 3 Cir. 2/15/17), 211 So.3d 1173, <u>writ denied</u>, 2017-0461 (La. 5/1/17), 221 So.3d 70, in finding that the trial court abused its discretion when it denied the plaintiffs' request for a declaratory judgment. Like the majority in the instant case, the Third Circuit Court of Appeal in **Lake Charles Police Officers' Ass'n Local 830 AFL-CIO** based its ruling upon the rationale expressed by the United States Supreme Court in **Citizens United v. Federal Election Commission**, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010).

I understand that the majority opinion in **Citizens United** opened the floodgates for this line of cases. However, I agree with the views expressed by Justice Stevens – and the three justices joining him – when he concurred in part and dissented in part in **Citizens United**. As written by Justice Stevens, I believe that the majority in **Citizens United** was misguided when, in one fell swoop, they uprooted a century of jurisprudence regarding the regulation of the political activity of various legal entities. <u>See</u> **Citizens United**, 130 S.Ct. at 929-930 (J. Stevens, concurring in part and dissenting in part), <u>citing</u> **Federal Election Commission v.**

**Wisconsin Right To Life, Inc.**, 551 U.S. 449, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007); **McConnell v. Federal Election Commission**, 540 U.S. 93, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003); **Federal Election Commission v. Beaumont**, 539 U.S. 146, 123 S.Ct. 2200, 156 L.Ed.2d 179 (2003); **Austin v. Michigan Chamber of Commerce**, 494 U.S. 652, 110 S.Ct. 1391, 108 L. Ed. 2d 652 (1990); **Federal Election Commission v. Massachusetts Citizens for Life, Inc.**, 479 U.S. 238, 107 S.Ct. 616, 93 L.Ed.2d 539 (1986); **Federal Election Commission v. National Right to Work Committee**, 459 U.S. 197, 103 S.Ct. 552, 74 L.Ed.2d 364; and **California Medical Association v. Federal Election Commission**, 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981).

The civil service provisions in the Louisiana Constitution and the Civil Service Commission's rules are designed to secure adequate protection to career public servants from political discrimination and favoritism. In promoting the merit system, the intent of these laws is to guarantee the security and welfare of public service. **Harris v. Department of Public Safety & Corrections - Dixon Correctional Institution**, 2022-1188 (La. App. 1 Cir. 6/2/23), 370 So.3d 43, 48, citing **Sanders v. Department of Health & Human Resources**, 388 So.2d 768, 771 (La. 1980). Per the parties' stipulations, the LSTA has as its members over 90% of all Louisiana state police troopers and a majority of state police trooper retirees. The majority's holding allows individuals expressly prohibited by La. Const. Art. 10, § 9 from participating or engaging in political activities to openly undertake such conduct under the guise of a legal entity. In other words, the legal entity has more rights than the individual. This is particularly concerning when the legal entity's membership is almost entirely comprised of individuals who cannot themselves exercise the rights being exercised by the legal entity. I find that such a holding leads to an absurd result. I fail to reach the conclusion that a legal entity comprised

2

almost entirely of civil servants can have greater constitutional rights than the individual civil servant.

I also agree with Judge Lanier's finding that "[m]embership in or management of the LSTA does not exempt the individual member from the obligations imposed by the Louisiana Constitution or the LSPC rules." Each case should stand on its own merits and courts should be hesitant to rule in one broad stroke. However, I would go one step further and affirm the trial court's ruling in its entirety.